IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Reverend JOSE MANUEL VEGA FRANQUI, )<br>Individually and as Administrator of the )<br>Estate of VASTHI ZILA MORALES DE VEGA, )<br>et al. )<br>)<br>        Plaintiffs, )<br>)<br>   v. )<br>)<br>GREAT SOCIALIST PEOPLE'S LIBYAN )<br>ARAB JAMAHIRIYA, et al. )<br>)<br>        Defendants. ) | Case No. 1:06-cv-00734-RBW |

**DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

Defendant, Great Socialist People's Libyan Arab Jamahiriya ("Libya"), by undersigned counsel, and pursuant to Local Civil Rule 7, hereby submits the following in opposition to Plaintiffs' Motion for Leave to File Surreply and states as follows:

1. On October 15, 2007, Defendant filed its Motion to Dismiss the Complaint.

2. On or about December 17, 2007, Plaintiffs filed their Opposition to Defendant's Motion to Dismiss. After receiving leave of Court to file an Opposition in excess of the Court's page limitations, Plaintiffs filed an approximately sixty-five (65) page Opposition and accompanying Memorandum of Points and Authorities.

3. Defendant filed its Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss on January 31, 2008.

4. On February 19, 2008, plaintiffs filed a Motion for Leave to File Surreply on the grounds that a recent "amendment to the Foreign Sovereign Immunities Act presents new facts

which directly bear on this matter", and that "[f]ailure to permit Plaintiffs to file the attached Surreply would unfairly prejudice Plaintiffs [sic] case." Pl.'s Mtn. at p. 1. Plaintiffs' arguments are without merit and the Court should deny plaintiffs' Motion.

5. Plaintiffs have failed to show that the filing of a surreply is warranted in this case. The Local Rules of this Court do not permit the filing of a surreply as a matter of course. *See* LCvR 7. Rather, a surreply may be filed only by leave of Court to address new matters raised in a reply. *See Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 112 (D.D.C. 2002). A surreply may only be filed to address a new matter raised in a reply, and the matter must be truly new. *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.,* 238 F. Supp. 2d 270, 277 (D.D.C. 2002) (citing *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (plaintiff's motion for leave to file surreply denied where defendant's reply did not involve a new matter, but rather an alleged mischaracterization)).

6. In the case before this Court, defendant's Reply did not raise any new matters. Defendant's Reply merely responded to the arguments raised in plaintiffs' Opposition. Indeed, plaintiffs do not contend in their Motion for Leave to File Surreply that defendant raised any new matter in its Reply. Rather, plaintiffs seek to inform the Court through their Surreply of recent legislation related to the subject-matter of this lawsuit.[1] However, the new legislation cited by plaintiffs is irrelevant to the case before the Court as there are no claims asserted by plaintiffs in their current Complaint pursuant to the revised legislation. The revised legislation states that plaintiffs must take certain steps in order for the new legislation to apply to pending cases such as filing a motion with the United States district court where the action was initially brought pursuant to § 1083(c)(2)(A), refiling their action under Section 1605A(c) pursuant to §

---

[1] *See* The Defense Authorization Act for Fiscal Year 2008, Section 1083, Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-344 (2008). Section 1083 of the Defense Authorization Act amends and supplements 28 U.S.C. § 1605(a)(7) with the new 28 U.S.C. § 1605A.

1083(c)(2)(B), or filing a related action consistent with § 1083(c)(3).  Plaintiffs in the case before this Court have not taken any of the requisite steps in order for the revised legislation to apply to their claims in this matter.  Accordingly, the revised legislation cited by plaintiffs has no bearing on the pending Motion to Dismiss and plaintiffs' request for leave to file a Surreply should be denied.

7.Should this Court grant plaintiffs' Motion for Leave to File Surreply, defendant respectfully requests the opportunity to respond more completely to plaintiffs' new arguments concerning the revised legislation and raised for the first time in plaintiffs' Surreply.  Defendant, as the moving party, is entitled to have the last reply and submits that it should be afforded an opportunity to file a response to plaintiff's Surreply . *See e.g.*, Local Rule LCvR 7(d).

WHEREFORE, defendant requests that the Court deny plaintiffs' Motion for Leave to File Surreply, or in the alternative, enter an Order granting defendant leave to file a Sur-Surreply. to Strike and that plaintiffs' Response to defendant's Reply be stricken from the record.

        Respectfully, Submitted,

        **ECKERT SEAMANS CHERIN**
          **& MELLOTT, LLC**

By:*/s/ Mark A. Johnston*
Thomas J. Whalen, Esq. (Bar No. 208512)
Mark A. Johnston, Esq. (Bar No. 455764)
1747 Pennsylvania Ave., N.W.,
Twelfth Floor
Washington, D.C. 20006
(202) 659-6600

Counsel for Defendant, Great Socialist People's
 Libyan Arab Jamahiriya

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing **Opposition to Motion for Leave to File Surreply** was electronically filed and served, this 28th day of February, 2008, to:

        Joshua Ambush
        Terri Sneider
        The Law Offices of Joshua M. Ambush, LLC
        1726 Reisterstown Road Suite 206
        Baltimore, MD 21208

                */s/ Mark A. Johnston*
                Mark A. Johnston