IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE MANUEL VEGA FRANQUI, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06-CV-00734-RBW |
| | ) |
| SYRIAN ARAB REPUBLIC, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO LIBYAN DEFENDANT'S
REPLY TO PLAINTIFFS'OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT**

Plaintiffs, by and through counsel, Joshua M. Ambush, of the Law Offices of Joshua M. Ambush, LLC, respectfully submit this Plaintiffs' Surreply in Opposition to Libyan Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint.

## I. INTRODUCTION

Libyan Defendants' Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint states, *inter alia*, two now defunct propositions, which are the subject of this Surreply: (1) Plaintiffs' claims in the Complaint, all of which allegedly arose in 1972, are stale and time barred; and (2) that the *Roeder* case, which narrowly interpreted the *Algiers Accords*, is applicable to the case at bar.

Plaintiffs disagree, as the new amendment of the FSIA, H.R. 4986, Section 1083, ensures that Plaintiffs' Complaint was timely filed. H.R. 4986, Section 1083, also effectively overrules the *Roeder* decision. Therefore, it is irrefutable that Plaintiffs' claims are no longer stale or time-barred, nor does *Roeder* apply to the case *sub judice*. In fact, Defendants' claims in this regard are now moot.

## II. <u>PLAINTIFFS' CLAIMS ARE NOT TIME-BARRED DUE TO THE NEW AMENDMENT OF THE FSIA, H.R. 4986, SECTION 1083</u>

On January 29, President Bush signed into law the National Defense Authorization Act for Fiscal Year 2008, H.R. 4986. Included in H.R. 4986 was Section 1083, otherwise titled as the "Terrorism Exception to Immunity" amendment. *See* EXHIBIT 1. This law was based on legislation introduced in 2007, the JUSTICE FOR VICTIMS OF STATE SPONSORED TERRORISM ACT, S. 1944, 110th Cong. (2007), and was based on the 1996 Flatow Amendment to the FSIA.

The relevant portion of the "Terrorism Exception to Immunity" amendment, H.R. 4986, §1083, reads, in pertinent part:

> An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) … not later than **the latter of**—
>
> (1) 10 years after April 24, 1996; or
>
> (2) 10 years after the date on which the cause of action arose.

NATIONAL DEFENSE AUTHORIZATION ACT FOR FISCAL YEAR 2008, H.R. 4986, § 1083 (2008) (*emphasis added*). According to the legislative history, the purpose of §1083 was to ensure that:

> Any judgment or action brought under section 1605(a)(7) … after the effective date of such provisions relying on either of these provisions as creating a cause of action, which has been adversely affected on the grounds that either or both of these provisions fail to create a cause of action against the state, and which is still before the courts in any form … shall, on motion … be given effect as if it had originally been filed pursuant to section 1605A(d) …

JUSTICE FOR VICTIMS OF STATE SPONSORED TERRORISM ACT, S. 1944, 110th Cong. (2007).

Previously, the vague wording of the FSIA required a subjective interpretation by this Court. The prior version of the FSIA stated:

> No action shall be maintained under subsection (a)(7) unless the action is commenced not later than 10 years after the date on which the cause of action arose. All principles of equitable tolling, including the period during which the foreign state was immune from suit, shall apply in calculating this limitation period.

28 U.S.C. §1605(f). Defendants have disputed the fact that equitable tolling applied to the statute of limitations period. *See* Libya's Reply to Plaintiffs' Opposition to Defendants Motion to Dismiss the Complaint at 1 (hereinafter referred to as "Libya's Reply" or "Defendants' Reply").

Previously, Plaintiffs argued that Congress intended the ten-year statutory period for claims under the FSIA's terrorism exception to begin to run only upon the waiver of sovereign immunity. *See* Plaintiff's Motion in Opposition to Libyan Defendant's Motion to Dismiss and Accompanying Memorandum of Points and Authorities at 53 (hereinafter referred to as "Plaintiffs' Memorandum of Points and Authorities"). Thus, Plaintiffs argued that the statute of limitations should be tolled from between May 30, 1972, until April 24, 2006, when the Defendants were stripped of their sovereign immunity. *Id.* at 63. Accordingly, Plaintiffs argued that they filed their Complaint after a reasonable time, but still within the 10-year statute of limitations period. *Id.* at 62-63.

Libyan Defendants disagreed, and devoted over 13 pages to their argument that (a) Plaintiffs' cause of action arose on May 30, 1972; (b) equitable tolling did not suspend the running of the statute of limitations; (c) the FSIA statute of limitations was intended to protect defendants from litigating stale claims arising 34 years later; and (c) Plaintiffs' claims were time-barred even if equitable tolling suspended the statute of limitations, because Plaintiffs' claims were not filed within a reasonable time-frame. *See* Libya's Reply at 9-21.

Due to the enactment of H.R. 4986, §1083, Defendants' arguments on this matter are now moot. The clear language of §1083, which amends the FSIA, establishes that any action brought during the time-frame listed in §1083 is not considered stale or time-barred, despite Defendants' arguments to the contrary. *See* Libya's Reply at 9-21.

Section 1083 provides that an action is considered timely filed as long as it is filed by April 24, 2006.[1] Notwithstanding Plaintiffs' claims that the immunity period should be removed from the statute of limitations calculation, the vague principles of equitable tolling outlined in the FSIA are no longer implicated under §1083. Thus, the adverse decisions relied upon by Defendants, which applied equitable tolling principles to statute of limitations arguments, are now inapplicable to the case at bar. *See, e.g., Buonocore v. Great Socialists People's Libyan Arab Jamahiriya,* 2007 U.S. Dist. LEXIS 49031 (D.D.C. 2007); *Vine v. Republic of Iraq*, 459 F.Supp. 2d 10 (D.D.C. 2006); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir.1999); *Phillips v. Heine*, 984 F.2d 489 (D.C. Cir.1993); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 453 (7th Cir. 1990) (Posner, J.).

As Plaintiffs timely filed their action on April 21, 2006, inside of ten years from April 24, 1996, their claims are neither stale nor time-barred, and must "be given effect as if [originally] filed pursuant to section 1605A(d)." *Id.* Moreover, Defendants claims that Plaintiffs had no impediment toward bringing their claims for at least a four year period prior to the enactment of the terrorism exception to the FSIA, *see* Libya's Reply at 19, are now irrelevant.

Section 1083 permits Plaintiffs' filing at any time prior to April 24, 2006. Even if the cause of action arose, as Defendants claim, four years prior to the terrorism exception to the FSIA, Plaintiffs could still file at any time prior to April 24, 2006.

---

[1] The latter of 10 years after the date on which the cause of action arose (assuming the cause of action arose either on May 30, 1972 or on April 24, 1996, would render the amended dates to May 30, 1982, or April 24, 2006), or 10 years after April 24, 1996 (i.e., April 24, 2006), is clearly 10 years after April 24, 1996.

Therefore, assuming that the cause of action arose *either,* as Defendants argue, on May 30, 1972, or, as Plaintiffs would have it, on April 24, 1996, and notwithstanding the fact that Defendants timely filed their complaint on April 21, 2006, Plaintiffs' filing must still be considered timely under the "Terrorism Exception to Immunity" amendment, §1083.

### a. The R*oeder* Decision is Inapplicable To The Case At Bar. Regardless, *Roeder* Has Been Effectively Overturned by § 1083.

Plaintiffs incorporate by reference all arguments previously made in its Opposition to Defendant's Motion to Dismiss the Complaint. As Plaintiffs stated previously, the Roeder decision is inapplicable to the case *sub judice*. The *Roeder* decision was a narrow interpretation of specific legislation enacted by Congress, which directed U.S. courts to decline to hear such cases, and read in pertinent part:

> if the foreign state was not designated as a state sponsor of terrorism … at the time the act occurred, unless later so designated as a result of such act *or the act is related to Case Number 1:00CV03110 (ESG) in the United States District Court for the District of Columbia*.

28 U.S.C.A. § 1605(a)(7)(A) (emphasis added).

According to the *Roeder* court, Plaintiffs in *Roeder* failed to meet either of the two criteria established in the statute. Iran was not **designated a state-sponsor of terrorism at the time** of the Iranian hostage crisis, and Iran was not **later so designated as a result** of the Iranian hostage crisis. 28 U.S.C. § 1605(a)(7)(A) and (B) (emphasis added).

Therefore, as Judge Sullivan stated in *Roeder*:

> Neither the Anti-Terrorism Act, the Flatow Amendment, Subsection 626(c), or Section 208 contain the type of express statutory mandate sufficient to abrogate an international executive agreement. Furthermore, … the legislative histories of these statutes contain no clear statements of Congressional intent to specifically abrogate the *Algiers Accords*. Therefore, …[u]nless and until Congress expresses its clear intent to overturn the

> provisions of a binding agreement between two nations that has been in effect for over twenty years, this Court can not interpret these statutes to abrogate that agreement.

*Roeder v. Islamic Republic of Iran*, 195 F.Supp.2d 140 (D.D.C.2002). Absent a clear intent by Congress to overturn the *Algiers Accords,* the *Roeder* Court refused to grant jurisdiction to Plaintiffs over Iranian Defendants.

However, Congress, in passing H.R. 4986, § 1083, struck the applicable portion of the FSIA which directed U.S. courts to decline to hear such cases. *See* NATIONAL DEFENSE AUTHORIZATION ACT FOR FISCAL YEAR 2008, H.R. 4986, § 1083 (2008) (stating that "[s]ection 1605 of title 28, United States Code, is amended … in subsection (a) ... by striking paragraph (7)"). Now, under §1083, U.S. Courts have jurisdiction to hear claims prosecuted against Iran by victims of the 1979 Iran Hostage Crisis. Clearly, Congress intended for *Roeder* to effectively be overturned by H.R. 4986. Therefore, *Roeder* cannot be considered for purposes of adjudicating the matter at bar.

### III. <u>CONCLUSION</u>

WHEREFORE for the foregoing reasons, as well as those set forth in Plaintiffs' Opposition to Defendant's Motion to Dismiss the Complaint, Plaintiffs hereby request that this Court deny Libyan Defendant's Motion to Dismiss the Complaint.

Respectfully submitted,

*/s/ Joshua M. Ambush*

Joshua M. Ambush (Md. Bar # 27025)
Law Offices of Joshua M. Ambush, LLC
Hilton Plaza
1726 Reisterstown Road
Suite 206
Baltimore, Maryland 21208

410-484-2070  
410-484-9330 (facsimile)  
joshua@ambushlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Plaintiffs' Surreply in Opposition to Libyan Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint was delivered *via* electronic filing and first class mail postage prepaid, to Thomas J. Whalen, Esquire, Mark A. Johnston, Esquire, Eckert Seamans Cherin & Mellott, LLC, 1747 Pennsylvania Avenue, N.W., Twelfth Floor, Washington, D.C. 20006; Wendy West Feinstein, Eckert Seamans Cherin & Mellott, LLC, U.S. Steel Tower, 44th Floor, 600 Grant Street, Pittsburgh, PA 15219, this 14th day of February, 2008.

*/s/ Joshua M. Ambush*
_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE MANUEL VEGA FRANQUI, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-CV-00734-RBW |
| ) | |
| SYRIAN ARAB REPUBLIC, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER</u>**

UPON CONSIDERATION of the foregoing Plaintiffs' Surreply in Opposition to Libyan Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint, it is this _____ day of _____, 2008, by the U.S. District Court for the District of Columbia,

ORDERED, that the Defendant's Motion to Dismiss the Complaint is DENIED.

_____
Judge Reggie B. Walton
U.S. District Court for the District of Columbia