IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Reverend JOSE MANUEL VEGA FRANQUI, )<br>Individually and as Administrator of the )<br>Estate of VASTHI ZILA MORALES DE VEGA, )<br>et al. )<br>)<br>  Plaintiffs, )<br>)<br>  v. )<br>)<br>GREAT SOCIALIST PEOPLE'S LIBYAN )<br>ARAB JAMAHIRIYA, et al. )<br>)<br>  Defendants. ) | Case No. 1:06-cv-00734-RBW |

**DEFENDANT'S CONSENT MOTION FOR EXTENSION OF TIME**

Defendant, Great Socialist People's Libyan Arab Jamahiriya ("Libya"), by undersigned counsel and with the consent of Plaintiffs' counsel, hereby moves pursuant to Fed. R Civ. P. Rule 6 for an extension of twenty-one (21) days for Defendant to answer, move or otherwise respond to the Amended Complaint on or before May 2, 2008.  In support of this Motion, Defendant states as follows:

1.   On April 21, 2006, plaintiffs filed their original Complaint in this matter. Plaintiffs' Complaint relied upon the provisions of the Foreign Sovereign Immunities Act (FSIA), and primarily upon the so-called "state sponsor of terrorism exception" of 28 U.S.C. § 1605(a)(7), to establish jurisdiction over the sovereign Defendant, Libya.[1]

2.   On October 15, 2007, Defendant filed its Motion to Dismiss the original Complaint in this matter.  Libya moved to dismiss plaintiffs' Complaint for lack of subject matter jurisdiction on three grounds:  (1) Libya was not designated a state sponsor of terrorism in

---

[1] The Complaint also purported to establish jurisdiction over Libya pursuant to 28 U.S.C. §§ 1605(a)(2) and (5).

1972, the date of the alleged terrorist attack; (2) Plaintiffs' alleged waiver of immunity by Libya based upon commercial acts conducted by the sovereign do not apply because terrorism is not a "commercial act" under the FSIA; and (3) the thirty-four (34) year old claims asserted by plaintiffs were barred by the statute of limitations contained in 28 U.S.C. § 1605(f).

3.  On or about December 17, 2007, Plaintiffs filed their Opposition to Defendant's Motion to Dismiss. Defendant filed its Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss on January 31, 2008. After receiving leave of Court, plaintiffs filed a Surreply on March 26, 2008.

4.  On January 28, 2008, the President signed the National Defense Authorization Act of 2008, Pub. Law No. 110-181. Section 1083, entitled "Terrorism Exception to Immunity", purports to amend 28 U.S.C. § 1605(a)(7) by substantially revising the FSIA. The provisions of § 1083 have been codified at 28 U.S.C. § 1605A.

5.  On March 28, 2008, Plaintiffs filed an Amended Complaint stating new claims pursuant to 28 U.S.C. § 1605A while abandoning their claims pursuant to 28 U.S.C. § 1605(a)(7).

6.  Pursuant to Fed. R. Civ. Pro. 15(a)(3), Defendant's response to the Amended Complaint is currently due April 11, 2008.

7.  Given the complex issues concerning the new legislation, as well as the apparent change in the governing statute from the former 28 U.S.C. § 1605(a)(7) to the new 28 U.S.C. § 1605A (both procedurally and substantively), Defendant requests an additional twenty-one (21) days until May 2, 2008 to answer, move or otherwise respond to the Amended Complaint. Defendant requires additional time to analyze the application of the new legislation to the

pending case, as well as to determine whether arguments previously raised in its Motion to Dismiss are still viable in light of the new legislation.

8. This brief extension will not affect any deadline imposed by the Court, as no deadlines have yet been set in this case. No party will be prejudiced by this brief extension.

9. No prior request for an extension of time to respond to the Amended Complaint has been made.

10. Undersigned counsel certifies that in accordance with Local Rule LCvR 7(m), he has consulted with Plaintiffs' counsel regarding this request for an extension and Plaintiffs consent to the relief requested herein.

WHEREFORE, Defendant requests that the Court grant its Consent Motion for an extension of twenty-one (21) days for Defendant to answer, move or otherwise respond to the Amended Complaint on or before May 2, 2008.

```
```
Respectfully, Submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By:  /s/ Mark A. Johnston
Thomas J. Whalen, Esq. (Bar No. 208512)
Mark A. Johnston, Esq. (Bar No. 455764)
1747 Pennsylvania Ave., N.W.,
Twelfth Floor
Washington, D.C. 20006
(202) 659-6600
twhalen@eckertseamans.com
mjohnston@eckertseamans.com

*Of Counsel:*

Wendy West Feinstein, Esq.
ECKERT SEAMANS CHERIN & MELLOTT, LLC
U.S. Steel Tower, 44th Floor
600 Grant Street
Pittsburgh, PA 15219
(412) 566-6000
wfeinstein@eckertseamans.com

Counsel for Defendant, Great Socialist People's Libyan Arab Jamahiriya

Dated: April 10, 2008

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing **Consent Motion for Extension of Time** was electronically filed and served, this 10th day of April, 2008, to:

>Joshua Ambush
>Terri Sneider
>The Law Offices of Joshua M. Ambush, LLC
>1726 Reisterstown Road Suite 206
>Baltimore, MD 21208

                                 */s/ Mark A. Johnston*
                                 Mark A. Johnston