IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Reverend JOSE MANUEL VEGA FRANQUI, Individually and as Administrator of the Estate of VASTHI ZILA MORALES DE VEGA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, et al.,<br><br>Defendants. | Case No. 1:06-cv-00734-RBW |

## DEFENDANT LIBYA'S NOTICE OF CHALLENGE TO THE CONSTITUTIONALITY OF A FEDERAL STATUTE

In accordance with Rule 5.1 of the Federal Rules of Civil Procedure, Defendant, Great Socialist People's Libyan Arab Jamahiriya a/k/a Libya ("Libya") notifies the Court and the Attorney General of the United States that Libya, in its Motion to Dismiss Plaintiffs' Amended Complaint filed on May 2, 2008 (a copy of which is attached as Exhibit A), draws into question the constitutionality of Section 1083(c)(2) of the National Defense Authorization Act for Fiscal Year 2008, Pub. L. 100-181 (2008), codified at 28 U.S.C. § 1605A note ("Section 1083(c)(2) of the Defense Act").

The challenged statute, among other things, provides:

(c) Application to Pending Cases—

(1) IN GENERAL.— The amendments made by this section shall apply to any claim arising under section 1605A of title 28, United States Code.

(2) PRIOR ACTIONS.—

    (A) IN GENERAL.— With respect to any action that—

      (i) was brought under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), before the date of the enactment of this Act,

      (ii) relied upon either such provision as creating a cause of action,

      (iii) has been adversely affected on the grounds that either or both of these provisions fail to create a cause of action against the state, and

      (iv) as of such date of enactment, is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure,

that action, and any judgment in the action shall, on motion made by plaintiffs to the United States district court where the action was initially brought, or judgment in the action was initially entered, be given effect as if the action had originally been filed under section 1605A(c) of title 28, United States Code.

(B) DEFENSES WAVED— The defenses of res judicata, collateral estoppel, and limitation period are waived—

      (i) in any action with respect to which a motion is made under subparagraph (A), or

      (ii) in any action that was originally brought, before the date of the enactment of this Act, under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), and is refiled under section 1605A(c) of title 28, United States Code, to the extent such defenses are based on the claim in the action.

(C) TIME LIMITATIONS— A motion may be made or an action may be refiled under subparagraph (A) only—

      (i) if the original action was commenced not later than the latter of—

            (I) 10 years after April 24, 1996; or

            (II) 10 years after the cause of action arose; and

>    (ii) within the 60-day period beginning on the date of the enactment of this Act.

28 U.S.C. § 1605A note (Section 1083(c)(2) of the Defense Act).

In its Motion to Dismiss the Amended Complaint, Libya asserts, among other defenses, that Section 1083(c)(2) of the Defense Act is unconstitutional as applied to Libya in that it violates the Due Process Clause of the Fifth Amendment.

>                                   Respectfully submitted,
>
>                                   **ECKERT SEAMANS CHERIN
>                                      & MELLOTT, LLC**
>
>                                   */s/ Mark A. Johnston*
>                                   Thomas Whalen, Esq. (D.C. Bar #208512)
>                                   Mark Johnston, Esq. (D.C. Bar #455764)
>                                   1747 Pennsylvania Ave., N.W.
>                                   Suite 1200
>                                   Washington, DC 20006-4604
>                                   (202) 659-6600
>                                   Fax: (202) 659-6699
>                                   twhalen@eckertseamans.com
>                                   mjohnston@eckertseamans.com
>
>                                   Of counsel:
>
>                                   Wendy West Feinstein, Esq.
>                                   ECKERT SEAMANS CHERIN
>                                      & MELLOTT LLC
>                                   600 Grant Street
>                                   44th Floor
>                                   Pittsburgh, PA 15219
>                                   (412) 566-6000
>                                   Fax: (412) 566-6099
>                                   wfeinstein@eckertseamans.com
>
>                                   *Attorneys for Great Socialist People's
>                                   Libyan Arab Jamahiriya a/k/a Libya*

Dated: May 19, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Notice of Challenge to the Constitutionality of a Federal Statute** was electronically filed and served, this 19th day of May, 2008, to:

>Joshua Ambush
>Terri Sneider
>The Law Offices of Joshua M. Ambush, LLC
>1726 Reisterstown Road Suite 206
>Baltimore, MD 21208

>*/s/ Mark A. Johnston*
>Mark A. Johnston

I further certify that a copy of the foregoing Notice, along with the Libya's Motion to Dismiss Plaintiffs' Amended Complaint, was served on the Attorney General of the United States by certified mail and by faxing a copy to the office of the Attorney General of the United States at 202-307-6777, as specified by the Department of Justice for serving such notices.

>*/s/ Mark A. Johnston*
>Mark A. Johnston